SUCCESSORS OF ABARCA, *S. en C.*, Plaintiff *v.* CENTRAL VANNINA, Defendant; UNITED STATES LIFE INSURANCE Co., and LONDON ASSURANCE Co., Claimants and Appellants.

No, 5405.  Argued April 9, 1931.—Decided July 28, 1931.

*F. Soto Gras* and *R. Díaz Collazo* for claimants-appellants. *J. Sifre, Jr.,* and *H. Franceschi* for receiver. *Damián Monserrat, Jr.,* for defendant.

MR. JUSTICE ALDREY delivered the opinion of the Court.

The United Life Insurance Co. and the London Assurance Company each issued in December, 1927, and delivered to Central Vannina two insurance policies, one against fire and the other against earthquakes, the premiums on which amounted to $2,101.84. On February 5, 1930, both companies filed motions in the District Court of San Juan in the receivership proceeding instituted against the Central Vannina by Sucesores de Abarca, *S. en C.,* and prayed the court to direct the receiver of the Central to pay the amount of said premiums. The receiver of the Central, Rafael Martínez Domínguez, opposed these motions on the ground that the said premiums had been paid, and the court, after hearing the evidence introduced, denied the motions of the companies, which appealed from that ruling.

The only ground urged for this appeal is that the lower court erred in making the order appealed from.

It appears from the evidence that on June 8, 1928, an employee of Sobrinos de Izquierdo & Co., the agents in this Island of both appellant companies, called upon the receiver of the Central Vannina for the purpose of collecting from him $2,101.84, or the amount of said premiums; that the receiver directed the broker, Hastrup, to pay such premiums, and that Hastrup, after deducting $255.08 as his commission of 12½ per cent of the net amount of said premiums, that is without including the excise stamps, delivered the balance, or $1,846.76, to the said employee in a check in payment of the said premiums. This check was delivered to Mr. Trigo, the head of the firm of Sobrinos de Izquierdo & Co., by said employee, who advised Mr. Trigo that 12½ per cent had been deducted as brokerage and that he had accepted the

check subject to the approval of the firm. The check in question was collected by Sobrinos de Izquierdo.

It was also proved at the trial that Hastrup is an insurance broker; that in such capacity he had intervened in the procurement of the policies in question; and that the usual commission collected by brokers in this Island is 12½ per cent of the net amount of the premiums.

In their brief the appellants maintain that the premiums were to be paid directly to the agents by the receiver, "the agents then would pay to the broker, Mr. Hastrup, 10 per cent of the net amount of the policies (*sic*) as his brokerage." The appellant companies, therefore, admit that their agents were bound to pay to the broker, Hastrup, 10 per cent of the net amount of the premiums as his commission, without there being any showing in the record that 10 per cent and not 12½ per cent is the rate paid in such cases in this Island. The receiver of the Central Vannina in his testimony denied that he had admitted having dealt directly with Sobrinos de Izquierdo, and stated that the policies would not have been contracted for without the intervention of Hastrup.

Since the appellant companies have admitted that their agents were bound to pay to Hastrup a commission, the fact that said commission was deducted from the sum due and that only the balance was delivered does not mean that the Central Vannina has not fully paid its indebtedness on account of the insurance premiums, and hence there has been no violation of section 1125 of the Civil Code.

As it has been shown that the amount that was actually due to the companies had been paid, it is immaterial that no receipt, of the kind customarily sent by said companies to their agents for the collection of insurance premiums, has been delivered either to the appellee or to Hastrup.

The order appealed from must be affirmed.

Mr. Justice Wolf took no part in the decision of this case.